UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:06-CR-10 |
| V. ) | District Judge Greer |
| ) | Magistrate Judge Inman |
| THEODORE ARTHUR HOGAN ) | |

**REPORT AND RECOMMENDATION**

Claiming that his Sixth Amendment right to a speedy trial has been violated, defendant has filed a motion to dismiss the indictment. (Doc. 26). Although the first paragraph of his motion indicates that his motion is limited to *preindictment* delay, his motion actually asserts a claim for both preindictment and post-indictment delay.

Defendant's motion was referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). A hearing was held on April 7, 2008.

Defendant complains that sixteen months elapsed between the date of his alleged offenses and the filing of the indictment that charged him with the commission of those offenses. He also complains that there was over a twenty-two month time period between the date the indictment was filed and his arraignment.

The chronology of the relevant events is necessary for understanding the issues raised

by the defendant:

| | |
|---|---|
| November 2004 | Defendant allegedly sold heroin, and possessed hydrocodone with the intent to distribute. |
| February 16, 2006 | Defendant is convicted in North Carolina for an offense,[1] for which he is given a sentence of probation. |
| March 14, 2006 | The original indictment is returned and filed in this court, charging defendant with three counts of distributing heroin and one count of possessing hydrocodone with the intent to distribute, in the month of November 2004. |
| March 14, 2006-June 2007 | The United States Marshals Service attempts to find and arrest defendant, without success. |
| July 2007 | Defendant is arrested by Indiana authorities.[2] |
| July 3, 2007 | The indictment is unsealed, and the United States Marshals Service lodges a federal detainer with the Indiana authorities.<br><br>North Carolina also files a detainer with Indiana regarding defendant's violation of North Carolina's sentence of probation. |
| July 2007 | Defendant is delivered by Indiana to the North Carolina authorities, where he serves a term of incarceration of eight months regarding his violation of probation. |

---

[1]The offense was not described, but it is of no significance.

[2]Again, the basis for defendant's arrest by Indiana law enforcement officers was not identified, but it makes no difference to the issues raised by defendant.

| | |
|---|---|
| July 2007 | The United States Marshals Service files a detainer with the North Carolina authorities. |
| July 2007 | This court issues a writ of habeas corpus ad prosequendum to North Carolina for defendant's initial appearance in this court on August 9, 2007; North Carolina refuses to honor this writ until defendant completes his eight month sentence in that state. Accordingly, defendant's initial appearance in this court for August 9, 2007 is cancelled. |
| January 2, 2008 | Defendant completes his sentence in North Carolina. North Carolina releases defendant to the custody of the United States Marshals Service. |
| January 8, 2008 | A superseding indictment is returned is this court, adding an additional count which charged defendant with possession of heroin in November 2004 with the intent to distribute it. |
| January 23, 2008 | Defendant has his initial appearance in this court. |

Inasmuch as preindictment delays are analyzed under a standard different from that applicable to post-indictment delays, they necessarily must be discussed separately.

## *PREINDICTMENT DELAY*

As noted, defendant committed the offenses with which he is charged in November 2004. He was not indicted until March 14, 2006, approximately sixteen months after the commission of the crimes.

The Sixth Amendment's right to a "speedy trial" has no application to a delay

3

occurring before an indictment. *United States v. Marion*, 404 U.S. 307, 323 (1971). Generally, the applicable statute of limitations sets the time frame within which a prosecution must be commenced. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). Preindictment delay rarely constitutes grounds for dismissal. *United States v. Wehling*, 676 F.2d 1053 (5th Cir. 1982). The statute of limitation applicable to the offenses with which defendant is charged is five years, 18 U.S.C.§ 3282, and he was indicted well within that period of time. Nevertheless, even though a defendant may be indicted within the statute of limitations period, and even though the Sixth Amendment right to a speedy trial has no application to a preindictment delay, it is still possible that the circumstances involved in a preindictment delay could give rise to a due process violation under the Fifth Amendment. However, dismissal under the due process clause of the Fifth Amendment is required only when the delay "caused substantial prejudice to [defendant's] right to a fair trial *and* . . . was an intentional device to gain tactical advantage over the accused." [emphasis supplied]. *Marion, supra*, at 324. "To show a violation of due process, [defendant] must have shown substantial prejudice stemming from the delay, *and* that the delay was a deliberate tactical maneuver by the government." [emphasis supplied]. *United States v. Ramos*, 586 F.2d 1078, 1079 (5th Cir. 1978).

Defendant has failed to show any prejudice attributable to the delay, and he has failed to show that the United States intentionally delayed filing the indictment in an effort to gain some tactical advantage.

There is no basis to dismiss this indictment for preindictment delay.

## POST-INDICTMENT DELAY

Unlike delays occurring before an indictment, the Sixth Amendment right to a speedy trial applies to delays between the indictment and trial.

Defendant was first indicted on the pending charges on March 14, 2006. The proof reflects that the United States Marshal Service promptly began efforts to locate and apprehend defendant. However, defendant had recently been sentenced to one year probation by North Carolina and he obviously had absconded from supervision in that state. He was a fugitive from both the federal and North Carolina authorities until he was arrested by Indiana authorities in July 2007. The United States Marshals Service promptly filed a detainer with the state of Indiana, as did the state of North Carolina. Indiana honored North Carolina's detainer, and defendant was returned to that state to answer for his violation of probation. In July 2007, the United States Marshals Service filed a detainer with the state of North Carolina, and this court issued its writ of habeas corpus ad prosequendum in anticipation of defendant's initial appearance before this court in August 2007. However, the state of North Carolina did not honor the writ inasmuch as it insisted that defendant first serve his sentence. In January 2008, defendant completed his sentence in North Carolina and was released to the custody of the United States Marshals Service. His initial appearance in this court was on January 23, 2008.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court held (1) the right to a speedy trial is more vague than other constitutional rights and cannot be quantified into a specified number of days or months, and (2) a defendant's claim that he has been denied a

speedy trial is subject to a balancing test, in which the conduct of both the prosecution and the defendant are weighed. The factors to be considered are: (1) the length of delay, (2) the reason for that delay, (3) whether the defendant has asserted his right to a speedy trial, and (4) any prejudice to the defendant. Each case must be decided on an *ad hoc* basis. *Id.* at 530.

>The Supreme Court went on to state as follows:
>
>>The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other facts that go into the balance. *Id.*

In a footnote to *Doggett v. United States*, 505 U.S. 647 (1992), the Supreme Court held that, "[d]epending on the nature of the charges, the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year."

It should be noted at this juncture that "presumptively prejudicial" does not in any way shift the burden of proof from the defendant to the United States, or create a presumption (in the usual sense) which the United States must rebut. Rather, by "presumptively prejudicial," the Supreme Court was referring to the "triggering mechanism" of the first factor, *viz*, the length of the delay. If the delay is not "presumptively prejudicial," the court must not inquire into the remaining three factors. In other words, if the delay is not "presumptively prejudicial," then by definition there is no speedy trial violation. On the other hand, if the delay is presumptively prejudicial, the court is to proceed onward and analyze the case under the remaining three factors of *Barker* to determine if there was a speedy trial violation.

6

*Doggett, supra. See, United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997): "The first factor acts as a triggering mechanism. If the length of the delay is not so long as to give rise to a presumption of prejudice, the other factors need not be considered."

As far as determining the "length of delay," the time begins running when an indictment is returned, *or when a sealed indictment is unsealed*:

> We conclude . . . that the speedy trial right under the Sixth Amendment attaches not when a sealed indictment is filed but when it is unsealed (or when the Government arrests the defendant or otherwise apprises him of the charges against him.)

*United States v. Watson*, 599 F.2d 1149 (2nd Cir. 1979).[3]

The indictment was unsealed on July 3, 2007; thus, for purposes of an analysis under the Sixth Amendment's right to a speedy trial, the time began running on that date. Defendant was arrested by the United States Marshals Service on January 2, 2008, six months after the indictment was unsealed. That period of time is far less than that necessary to approach "presumptively prejudicial" under *Doggett*. Thus, under *Barker v. Wingo, supra,* there was no speedy trial violation and there is no need to consider the remaining three factors of *Barker*.[4]

---

[3]*See also*, n. 5, at 1156.

[4]Even if the court should consider the remaining three factors, only one of them could be resolved in defendant's favor: he undeniably has asserted his right to a speedy trial. However, the reason for the delay was the fact that defendant was a fugitive from justice. When he was finally arrested by Indiana, he was promptly turned over to the state of North Carolina, which kept him in custody until he had completed his sentence in that state for a violation of probation. Not only has defendant failed to show any prejudice that he suffered as a result of the delay, the delay was attributable solely to his own acts.

7

There is no basis to dismiss the indictment for post-indictment delay.

## *CONCLUSION*

It is respectfully recommended that defendant's motion to dismiss the indictment be denied.[5]

Respectfully submitted,

                                                  s/ Dennis H. Inman
                                           United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).