UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:06-CR-10 |
| | ) | |
| THEODORE ARTHUR HOGAN | ) | |

**O R D E R**

This criminal matter is before the Court to address the defendant's appeal of the United States Magistrate Judge's order filed on April 22, 2008, [Doc. 47].[1] The defendant has appealed the Magistrate Judge's ruling regarding the use of transcripts to aid the jury while listening to the audio recordings. The defendant argues that the transcripts would become the evidence instead of being a mere aid. In addition the defendant argues that the transcripts reflect the "[g]overnment's interpretation of what is said on the audio recordings." The defendant does not appeal the Magistrate Judge's decision to submit to the jury the portions of the transcripts which he found "accurately representing what was said on the recordings."[2]

The Magistrate Judge found that certain "portions . . . are so clear that no transcript is needed," other portions "can be understood by reading the accompanying transcript," and that the remaining portions are incomprehensible and must be designated as such on the transcripts submitted

---

[1] The defendant filed his "Objection to Order Granting United States' Motion for Reconsideration of Use of Transcripts of Audio Recordings at Trial," on April 28, 2008, [Doc. 54]. In that document, the defendant objects to the use of the transcripts and "ask[s] that this Court reconsider its previous ruling." Although this filing could be viewed as a motion for the Magistrate Judge to reconsider it previous order and although the filing incorrectly states that it is an "objection" to the order instead of an "appeal" of the Magistrate Judge's order, this Court will treat the filing as an appeal of the order and will decide whether the order was "contrary to law or clearly erroneous." Fed. R. Evid. 59(a).

[2] To the extent the defendant's appeal could be read as objecting to those portions' accuracy, the defendant waived this objection by not clearly and fully developing the argument.

to aid the jury.  The Magistrate Judge correctly and accurately cited *United States v. Segines* in support of his ruling.  17 F.3d 847, 854 (6th Cir. 1994) (stating that the use of transcripts as an aid to the jury is within the discretion of the trial court and a cautionary instruction should be given in the absence of a stipulation to the transcripts' accuracy).  Moreover, this Court will instruct the jury as to the limited use of the transcripts, as the transcripts are not the evidence but the audio recordings are the actual evidence.

Thus, after careful consideration of the record as a whole, it is hereby **ORDERED** that the appeal of the defendant is **OVERRULED** because the Court FINDS that the Magistrate Judge's order is not clearly erroneous, an abuse of discretion, or contrary to law.  Accordingly, it is hereby **ORDERED** that the Magistrate Judge's order is **ADOPTED** and **AFFIRMED.**

The defendant also raises for the first time that the transcripts are hearsay pursuant to Federal Rule of Evidence 802 and that the transcripts are not the best evidence pursuant to Federal Rule of Evidence 1002.  As stated earlier, the transcripts are not the evidence.  Thus, the transcripts are not hearsay, and the best evidence rule is satisfied as the original recordings are the actual evidence to be admitted.  Again,  this Court will give an instruction informing the jury that the actual evidence is not the transcripts but the audio recordings themselves.  In addition, the jury will not be allowed to use the transcripts during deliberations; they will only have access to the admitted evidence, the audio recordings.  Accordingly, it is hereby **ORDERED** that the defendant's objections to the evidence on these grounds are **OVERRULED**.

ENTER:

s/ J. Ronnie Greer

United States District Judge